IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**ALYSSA REITANO,** an individual          CASE NO.: 0:23-cv-61363

        Plaintiff,

        vs.

**CRASH CHAMPIONS, LLC d/b/a Crash Champions Collision Repair Centers,** a Foreign Limited Liability Company,

        Defendants.

## **COMPLAINT FOR DAMAGES**

**COMES NOW,** Plaintiff Alyssa Reitano, by and through the undersigned counsel, and hereby files this Complaint against Defendant Crash Champions, LLC. (Defendant Crash Champions, hereinafter) for violations of Fraud in the Inducement, Negligent Misrepresentation, breach of Contract, Promissory Estoppel, Promise Without Intent to Perform, Negligent Misrepresentation, and Tortious Interference with At-Will Employment.

### **PARTIES, JURISDICTION, AND VENUE**
**(Parties)**

1. Plaintiff Alyssa Reitano ("Plaintiff" hereinafter) is, and at all times material hereto was, an individual residing in the County of Broward, State of Florida.

2. Defendant Crash Champions, LLC. d/b/a/ Crash Champions Collision Repair Centers (hereinafter referred to as "Defendant Crash Champions") is, and at all times material hereto was, a Foreign Limited Liability Company, authorized to do business and doing business in the state of Florida, with its offices in Broward County, Florida.

**(Venue)**

3. The contracts alleged herein were entered into in the county of Broward, state of Florida, and the acts and transactions herein alleged took place in the county of Broward, state of Florida.

**(Jurisdiction)**

4. This is an action for damages in excess of the sum of seventy-five thousand dollars ($75,000) exclusive of interest, costs and/or attorneys' fees. This complaint is based on a federal question and also meets the requirements for diversity jurisdiction.

**COUNT I**
**Violation of Family Medical Leave Act 29 U.S.C. §2615 et seq.**

5. Plaintiff repeats and realleges each and every allegation in Paragraphs 1 through 4 above, as though fully set forth at length herein.

6. Plaintiff would be an Eligible Employee as defined by 29 U.S.C. §2611 on September 7, 2023.

7. At all times material hereto, Defendant Crash Champions was an Employer as defined by 29 U.S.C. §2611.

8. Plaintiff qualified for leave under 29 U.S.C. §2612(a)(1), "because of the birth of a son or daughter of the employee and in order to care for such son or daughter."

9. Plaintiff notified her employer of her need for qualified leave which was granted on April 17, 2023, and employer agreed to permit Plaintiff to use one month of Short-Term Disability to bridge-the-gap between FMLA eligibility and the expected due date of her child.

10. As a result of Plaintiff applying for FMLA leave, she was unlawfully retaliated against. The retaliatory actions taken include, but are limited to;

   a) Being wrongfully terminated the same day, April 17, 2023, Plaintiff received notification that her request for leave was granted.

11. There is a causal connection between Plaintiff's termination and requesting FMLA leave because she was terminated directly after receiving approval.

12. As a direct and proximate result of Defendant Crash Champions' acts as alleged herein, Plaintiff has suffered and continues to suffer substantial economic damages, including but not limited to, losses incurred in seeking subsequent comparable employment, earnings, deferred compensation, earning capacity, back pay and front pay, past, present, and future income, loss of retirement benefits, compensatory damages, lost wages and other employee benefits, all to her detriment, in an amount to be shown according to proof.

13. Further, Plaintiff is entitled to seek liquidated damages pursuant to 29 U.S.C. § 2617 which is equal to double the amount of any wages, salary, employment benefits or other compensation denied or lost to such employee by reason of the violation.

14. Moreover, as a result of Defendant Crash Champions' unlawful acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as provided by 29 U.S.C. § 2617.

15. Plaintiff demands judgment against Defendant Crash Champions, a trial by jury on all issues so triable and any other relief this Court deems just and proper.

## COUNT II
### Violations of Consolidated Omnibus Budget Reconciliation Act ("COBRA") Notice Requirements under 29 C.F.R. § 2590.606

16. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 4 above as though fully set forth at length herein.

17. Upon information and belief, Plaintiff alleges that the group health plan maintained by Defendant Crash Champions is covered by COBRA because Defendant Crash Champions is an employer with at least twenty (20) employees, on more than fifty

percent (50%) of its typical business days.

18. The termination of Plaintiff's employment with Defendant Crash Champions is a qualifying event pursuant to 20 C.F.R. § 2590.606 because plaintiff was terminated for a reason other than "gross misconduct". Indeed, Plaintiff contends she was wrongfully terminated pursuant to gender and pregnancy discrimination, and Defendant Crash Champions contents Plaintiff was terminated for "performance" reasons. Nonetheless, neither of these reasons for termination satisfy the requirements for "gross misconduct" and therefore is a qualifying event.

19. Plaintiff is a qualified beneficiary because she was an employee who on the day before a qualified event occurred, was covered by a group health plan by being a covered employee.

20. Under COBRA a group health plan MUST offer continuation coverage if a qualifying event occurs.

21. Here, a qualifying event occurred on April 17, 2023, when Plaintiff was terminated.

22. As of April 17, 2023, Defendant Crash Champions had an obligation to notify the plan within thirty (30) days after the qualifying event of termination.

23. Defendant Crash Champions did not notify the plan of the qualifying event.

24. As a result of Defendant Crash Champions failure to notify the plan of the qualifying event, the plan failed to provide the qualified beneficiary, Plaintiff, of her election notice rights.

25. Failure to provide COBRA election notice within the time period, by May 17, 2023, subjects employer Defendant Crash Champions to a penalty of up to one-hundred and ten dollars ($110) a day past the designated time period.

26. In addition to the aforementioned penalty, Defendant Employer Crash Champions also is liable for any costs of medical expenses incurred by the qualified beneficiary as a result of Defendant Crash Champions' failure to provide timely notice of a COBRA qualifying event, resulting in the Plaintiff's loss of insurance coverage.

27. Wherefore, Plaintiff demands judgement in the amount of one-hundred and ten dollars ($110) per day from May 17, 2023 to date and the costs of her medical expenses incurred from the date of her termination on April 17, 2023, and any other relief the court deems just and proper.

28. Plaintiff demands judgment against Defendant Crash Champions, a trial by jury on all issues so triable and any other relief this Court deems just and proper.

**PRAYER FOR RELIEF AS AGAINST DEFENDANT CRASH CHAMPIONS**

**WHEREFORE**, Plaintiff prays judgment against Defendant Crash Champions as follows:

1. For Consequential Damages due to lost wages, medical costs and lost bonuses in an amount according to proof at trial.
2. For general damages and non-economic damages, mental and emotional distress damages, damages for anguish, and other special and general damages including damages to Plaintiff's anguish, in an amount to be shown according to proof;
3. For liquidated Damages and other special and general damages, in an amount to be shown according to proof;
4. For an award of interest, including prejudgment interest, at the legal rate;
5. For costs and fees of suit herein incurred;
6. For reasonable Attorneys' fees for the third cause of action;
7. For such other and further relief as the Court may deem proper.

OBEIDY & ASSOCIATES, P.A.
*Reitano v. Crash Champions, LLC.*
COMPLAINT FOR DAMAGES

**Dated this 18th day of July 2023.**

> Respectfully submitted,
> **OBEIDY & ASSOCIATES, P.A**.
> By: */s/ A. Andrew OBeidy*
> A. Andrew OBeidy, Esq.,
> *Attorney for Alyssa Reitano*